HELLAMS v. GREENVILLE COUNTY.

Costs are entirely a creature of statute, and therefore if a witness bound over for defendant in a case of arson is entitled by law to witness fees when certified by the Circuit Judge to have been a material witness, he may not claim such fees upon a certificate of attendance only signed by the clerk of court and "approved" and signed by the Circuit Judge, no certificate of materiality being appended.

Before FRASER, J., Greenville, October, 1889.

This was an appeal in the matter of the claim of Milas Hellams against Greenville County. This claim was a witness ticket as follows:

"THE STATE,　　⎫
　　　　*v.*　　　⎬ Indictment.　Arson.
"DAVE KERN and ⎰ March Term, 1889.
"SI CARTER.　　⎭

"THE COUNTY OF GREENVILLE,　　DR.
"To Milas Hellams,
"To 8 days,　　　　　　　　　　　　　$4 00
"  27 miles,　　　　　　　　　　　　　　1 35
　　　　　　　　　　　　　　　　　　　　───────
"Total　　　　　　　　　　　　　　　　$5 35

"Appeared before me Milas Hellams. and makes oath that he was regularly bound over as a witness in the above stated case, and did attend as a witness as above stated.

　　　　　　　　　　　　　　　　his
　　　　　　"MILAS ⋈ HELLAMS.
　　　　　　　　　　　　　　　mark.
"Sworn to before me this 21 day of March, 1889.
　　　　"A. J. MOSELEY, *C. C. P. & G. S.*

"I, A. J. Moseley, clerk of the Circuit Court of Greenville County, do certify that Milas Hellams was regularly bound over as a witness in the above stated case.
　　　　　　　"A. J. MOSELEY, *C. C. P. & G. S.*
"Approved:
　　"J. J. NORTON,
　　　"Presiding Judge."

*Mr. Adam C. Welborn*, for appellant.

*Mr. L. K. Clyde*, contra.

April 1, 1890. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The appellant was bound over and appeared as a witness for the defendant in a case of arson. He received a certificate, signed by the clerk of the court and by the Circuit Judge, to the effect that he had attended the trial of the cause as such witness and was entitled to receive therefor the sum of $5.35. This certificate did not state that the witness was "material." It was presented to the board of county commissioners for payment and was disallowed by them. On appeal this judgment was sustained by the Circuit Judge solely on the ground that the certificate does not state the "materiality" of the witness. The claimant appeals to this court, on the ground that the certificate as given was tantamount to one stating the "materiality" of the witness. The respondents, in accordance with the practice, gave notice that if this court should find itself unable to sustain the judgment below, on the ground on which it was rested by the Circuit Judge, then the respondent would insist that said judgment should be sustained on the ground that "in no case is the county liable for the fees of the defendant's witnesses in criminal cases," &c.

There are several provisions in our law as to costs of witnesses in State cases, which do not seem to be always entirely consistent. But in allowing costs, there is always one safe rule—costs and fees are entirely statutory. He who seeks to be paid fees and costs, must point out the law which allows them. Subdivision (2) of section 622 of the General Statutes provides that "each county shall pay witnesses' fees in State cases for actual attendance upon the Circuit Court as provided by law." But the question recurs, what are the provisions of law upon the subject? Section 2197 of the General Statutes provides as follows: "No fees or other compensation shall be allowed to any witness bound over or summoned to testify in any case in the Circuit Court of General Sessions, unless the Circuit Judge, who tried the cause in which the witness was summoned, shall certify that such wit-

ness was material, and in that case," &c.   Here the Circuit Judge, who tried the case in which the witness was examined, made no such certificate "that said witness was material," and therefore we cannot say that the Circuit Judge committed error in affirming the decision of the county commissioners.   It was neither within his province nor ours to dispense with a statement of "materiality" in the certificate, which the law seems to require as important.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.